**STATE of Missouri, Respondent,**

v.

**Mark Anthony JACKSON, Appellant.**

**Mark Anthony JACKSON, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

Nos. 66562, 68809.

Missouri Court of Appeals, Eastern District, Division One.

April 30, 1996.

Mark Anthony Jackson, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Christine M. Blegen, Assistant Attorney General, Jefferson City, for respondent.

KAROHL, Judge.

Defendant appeals after imposition of concurrent twelve year sentences as a persistent offender on two counts of felony stealing. He also appeals denial of his Rule 29.15 motion to vacate judgment and sentence after movant testified by affidavit, and the court took judicial notice of, "the transcripts and entire files." The appeals are consolidated pursuant to Rule 29.15(l). Defendant contends the trial court improperly sentenced him as a persistent offender. The state agrees. Defendant argues the trial court erred in overruling his motion to suppress the admission of certain evidence and statements obtained because both were products of an illegal search and seizure of an automobile. We affirm the convictions and remand for correction of sentence.

On November 23, 1993, three purses were reported missing from cars parked at the Bethesda Day Care Center. On the same evening, a detective of the Kirkwood Police

Department received a report of a vehicle leaving the scene of an accident. The detective drove to the residence where the vehicle was registered. Defendant drove up behind the officer as the officer approached the house. The vehicle's owner was a passenger. Both exited the vehicle. The detective stopped them and arrested defendant for driving without a driver's license. He requested and received permission from the vehicle owner-in-possession to search the vehicle. He found two purses behind the rear seat on the passenger side of the vehicle during the course of the search. The purses were the subject of defendant's motion to suppress.

The state agrees defendant was improperly sentenced as a persistent offender under § 558.019 RSMo Cum.Supp.1993. We remand to correct the sentences by withdrawing from the judgments any reference to persistent offender sentencing.

The second point briefed by counsel argues the trial court erred in denying defendant's motion to suppress physical evidence and statements, and in admitting this evidence and statements of defendant, because the defendant's right to be free from unreasonable search and seizure was violated. This argument is persuasive only if the evidence and statements are the products of an illegal search. Here, the vehicle search was conducted pursuant to consent of the owner who was present at all relevant times and in possession of the vehicle. There is no search and seizure issue. Point denied.

Defendant makes two pro se arguments. They essentially duplicate the search and seizure issue and fail for the same reason.

We affirm the convictions and sentences but not as to defendant's classification as a persistent offender. The trial court is directed to correct the sentences by removal of any reference to persistent offender.

REINHARD, P.J., and GRIMM, J., concur.